430

Submitted on record and Appellants brief July 29.
Affirmed September 10, 1970

CITY OF PORTLAND, *Appellant, v.*
BINGHAM, *Respondent.*

474 P2d 15

Marion C. Rushing, Robert Hurtig, Leo V. Nutt-
man and John E. Holmen, Portland, for appellant.

No appearance for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

PER CURIAM.

The defendant was found guilty by a municipal court jury of "Carrying Firearm Unbroken," in violation of Section 16–605 (b) of Ordinance No. 76339 of the City of Portland. The municipal court is not a court of record.

The conviction was appealed to the circuit court and there defendant demurred on constitutional grounds. The circuit court ruled that Section 16–605 (b)(2) of the ordinance and the complaint were vague and unconstitutional. The demurrer was sustained and the city appealed.

The sections of the ordinance involved are:

*"Section 16–605.*

"* * * * *

"(b) It is unlawful for any person to carry any firearm upon his person, or in a vehicle under his control or in which he is an occupant, unless:

"1. All ammunition has been removed from the chamber and from the cylinder, clip or magazine; and

"2. The bolt, cylinder or firing mechanism has been disassembled from the remainder of the firearm.

"(c) [Prohibits firing a weapon.]

"(d) The prohibitions in subsections (b) and (c) of this section do not apply to any law enforcement officer acting within the scope of his duties; to any government employe authorized or required by his employment or office to carry or use firearms; or to any person having a valid permit issued

to him by lawful authority to carry or use firearms.

"(e) The prohibition in paragraph 2 of subsection (b) of this section does not apply:

"1. To licensed merchants, gunsmiths and common carriers engaged in transporting or delivering unloaded firearms as merchandise;

"2. To members of the Armed Forces, when on duty; and

"3. Where the design of the firearm makes disassembly impractical, to persons openly carrying a hunting rifle, shotgun or target pistol in a motor vehicle while traveling to or from an open hunting area or authorized target range."

The complaint alleged that on June 15, 1969, the defendant, within the City of Portland, did:

"* * * unlawfully carry a firearm, to wit: a shotgun, in a vehicle under his control, when the firing mechanism had not been disassembled from the remainder of the firearm; said defendant not being a police officer or other person having a valid permit to carry or use firearms."

■ Argument was waived, and the appellant city has filed the only brief we have. It is generally contended therein that the city has police power enabling it to enact this type of ordinance, and that the same is presumed constitutional. As general propositions they are correct, but in the brief the only discussion of the application of the law to the ordinance in question is an argument that by referring to subsection (b) and (e)(3) of the ordinance a standard can be found by which a person can measure his conduct. Subsection (e)(3), which makes an exception to the requirement for disassembling of a firearm in cases where it is "impractical," leaves much to the imagination. What would be practical but difficult for a

person with some experience with guns might be elementary for a gunsmith and impossible for an inexperienced person. What is the standard, or do different standards apply in different situations? This is only an example of problems we can see involved in this case.

■ On the inadequate briefing of the matter available to us, we are unwilling to disturb the ruling of the circuit judge who heard the matter argued by both sides, or to resolve the constitutional questions involved.

Affirmed.